# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MICHAEL WAYNE MONTGOMERY,**

      Plaintiff,

v.                                                                                 Case No: 6:16-cv-749-Orl-DCI

**COMMISSIONER OF SOCIAL
SECURITY,**

      Defendant.

___

## MEMORANDUM OF DECISION

Michael Wayne Montgomery (Claimant) appeals the Commissioner of Social Security's final decision denying his applications for disability benefits. Doc. 1. Claimant argues that the Administrative Law Judge (ALJ) erred by: 1) assigning little weight to Dr. Nila Desai's opinion; and 2) failing to properly consider Claimant's exertional and nonexertional limitations. Doc. 13 at 5-11. Claimant requests that the matter be reversed and remanded for an award of benefits. *Id.* at 11. For the reasons set forth below, the Commissioner's final decision is **AFFIRMED**.

## I.    PROCEDURAL HISTORY.

This case stems from Claimant's applications for disability insurance benefits and supplemental security income. R. 258-67. Claimant alleged a disability onset date of August 1, 2010. R. 258, 260. On May 8, 2012, the ALJ originally assigned to this case entered a decision finding that Claimant was capable of performing light work and could perform his past relevant work. R. 126-31. Thus, the ALJ concluded that Claimant was not disabled. R. 132. The Appeals Council entered a decision on April 22, 2013, finding that the ALJ erred in determining that Claimant could perform his past relevant work, and, thus, vacated the ALJ's decision and

remanded the matter to another ALJ for further consideration consistent with Appeals Council's decision. R. 138-39. Claimant, subsequently, amended his disability applications to a closed period of disability from August 1, 2010 to January 1, 2014. R. 47-48.

## II. **THE ALJ'S DECISION.**

The ALJ issued the operative decision on November 25, 2014. R. 18-30. The ALJ found that Claimant had the following severe impairments during the closed period: a history of human immunodeficiency virus (HIV) without neuropathy; depression; anxiety; and a history of obesity. R. 21. The ALJ found that Claimant does not have an impairment or combination of impairments that meets or medically equals any listed impairment. R. 21-22

The ALJ found that Claimant has the following residual functional capacity (RFC):

> [Claimant can] lift and/or carry up to 20 pounds occasionally and 10 pounds or less more frequently. He can sit, stand and walk (with normal breaks) for a total of about 6 hours each in an 8-hour workday. He could occasionally perform pushing and/or pulling with arm, hand or foot/pedal controls. He could occasionally climb ramps and stairs but perform no climbing of ropes, ladders and scaffolding. He could frequently balance, sto[o]p, kneel, crouch or crawl. He had no manipulative limitations in the upper extremities concerning reaching in all directions, handling, fingering or feeling. He has no limitations in his ability to hear, speak or see. He could work in temperature-controlled environments but has to avoid concentrated exposure to unprotected heights, vibration or dangerous moving machinery. He was able to understand, remember and carry out simple and semiskilled tasks up to an SVP level of 4. He had no limitations in dealing with people, but has to avoid work requiring that he meet any strict production goals or quotas such as assembly line work or work that is paid by the piece.

R. 22-23.[1] The ALJ, in light of this RFC, found that Claimant was unable to perform his past relevant work. R. 27-28. The ALJ, however, found that Claimant could perform other work in

---

[1] An RFC determination generally indicates whether a claimant is capable of performing heavy, medium, light or sedentary work. That did not occur in this case. *See* R. 22-23. The ALJ's RFC

the national economy, such as mailroom clerk, office helper, ticket seller, food and beverage clerk, and surveillance system monitor.  R. 28-29.  Thus, the ALJ found that Claimant was not disabled between his alleged onset date, August 1, 2010, through the date of the decision, November 25, 2014.  R. 29.[2]

**III.    STANDARD OF REVIEW.**

"In Social Security appeals, [the court] must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quotations omitted).  The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The Court must view

---

determination, though, is consistent with the performance of light work, 20 C.F.R. §§ 404.1567(b), 416.967(b), which the ALJ acknowledged later in his decision, R. 28-29.

[2] The ALJ was only required to determine whether Claimant was disabled during the closed period.  Thus, it is unclear why the ALJ found that Claimant was not disabled through the date of the decision, which was rendered nearly a year after the end of the closed period.  Whatever the case may be, any resulting error would be harmless since the ALJ's determination encompasses the closed period.

the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

IV. <u>**ANALYSIS**</u>.

   **A. Medical Opinion.**

Claimant maintains that the ALJ's reasons for assigning little weight to Dr. Desai's opinion are not supported by substantial evidence. Doc. 13 at 5-7. Thus, Claimant argues that ALJ erred by assigning little weight to Dr. Desai's opinion. *Id*. The Commissioner maintains that the ALJ provided good cause reasons for assigning Dr. Desai's opinion little weight, each of which are supported by substantial evidence. Doc. 15 at 6-13. Thus, the Commissioner argues that the ALJ did not err by assigning little weight to Dr. Desai's opinion. *Id*.

The ALJ assesses the claimant's RFC and ability to perform past relevant work at step four of the sequential evaluation process. *Phillips*, 357 F.3d at 1238. The RFC "is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The ALJ is responsible for determining the claimant's RFC. 20 C.F.R. §§ 404.1546(c), 416.946(c).

The consideration and weighing of medical opinions is an integral part in determining the claimant's RFC. The ALJ must consider a number of factors in determining how much weight to give each medical opinion, including: 1) whether the physician has examined the claimant; 2) the length, nature, and extent of the physician's relationship with the claimant; 3) the medical evidence and explanation supporting the physician's opinion; 4) how consistent the physician's opinion is

with the record as a whole; and 5) the physician's specialization. 20 C.F.R. §§ 404.1527(c), 416.927(c).

A treating physician's opinion must be given controlling weight, unless good cause is shown to the contrary. *See* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent with other substantial evidence); *see also Winschel*, 631 F.3d at 1179. There is good cause to assign a treating physician's opinion less than substantial or considerable weight, where: 1) the treating physician's opinion is not bolstered by the evidence; 2) the evidence supports a contrary finding; or 3) the treating physician's opinion is conclusory or inconsistent with the physician's own medical records. *Winschel*, 631 F.3d at 1179.

The ALJ must state the weight assigned to each medical opinion, and articulate the reasons supporting the weight assigned to each opinion. *Winschel*, 631 F.3d at 1179. The failure to state the weight with particularity or articulate the reasons in support of the weight prohibits the Court from determining whether the ultimate decision is rational and supported by substantial evidence. *Id*.

The record reveals that Claimant began treating with Dr. Desai for HIV in September 2010. R. 434-38. Claimant's initial physical examination was unremarkable, but his viral load[3] was elevated and his CD4 count[4] was low. R. 438. Dr. Desai diagnosed Claimant with HIV, and prescribed a regimen of medications to control his HIV. *Id*.

---

[3] A viral load is the measure of the number of virus particles present in the bloodstream, expressed as copies per milliliter.

[4] A CD4 count is a laboratory test that measures the number of CD4 T lymphocytes (CD4 cells) in a sample of blood, used as an indicator in individuals with HIV as to how well the immune system is functioning. The higher the CD4 count, the better the immune system is functioning.

Dr. Desai treated Claimant on several occasions between September 2010 and December 2011. R. 476-79, 482-83, 485-86, 488-500. Claimant reported suffering from an array of symptoms related to his HIV, such as body aches, headaches, weakness, fatigue, insomnia, visual problems, fever, and diarrhea. R. 476, 478, 482, 485, 488, 490, 493, 495, 497. Claimant's physical examinations were unremarkable during this period, and his viral load significantly decreased while his CD4 count increased. R. 473-74, 476, 478, 482, 485, 488, 490, 493, 495, 497. Dr. Desai routinely diagnosed Claimant with HIV, and occasionally diagnosed him with neuropathy, depression, and anxiety during this period. R. 477, 479, 483, 486, 489, 491, 494, 496, 498, 500. Dr. Desai's treatment notes from this period, though, did not contain any functional limitations. *See* R. 476-79, 482-83, 485-86, 488-500.

Dr. Desai completed a "Medical statement regarding HIV and AIDS" in March 2012. R. 593-95. Dr. Desai checked a box indicating that Claimant is HIV positive, and checked lines indicating that Claimant has repeated episodes of severe fatigue, fever, malaise, pain, night sweats, nausea, headaches, and insomnia. R. 593-94. Dr. Desai also checked a line indicating that Claimant suffers from "[o]ther repeated severe episodes caused by HIV-AIDS, such as . . . leukoplakia, myositis, pancreatitis, hepatitis, peripheral neuropathy, glucose intolerance, muscle weakness, cognitive or other mental limitation." *Id*. Dr. Desai, however, did not indicate which of these symptoms and impairments affect Claimant. *See id*. Dr. Desai also checked lines indicating that Claimant has marked restriction of daily activities, marked difficulties in maintaining social functioning, and marked difficulties completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace. *Id*. Dr. Desai, however, does not offer any specific details concerning the particular limitations caused by Claimant's marked restrictions in daily activities or marked difficulties in social functioning and completing tasks in a timely matter.

*See* R. 594-95. Dr. Desai opines that Claimant does not suffer any significant side effects from medications. R. 594. Dr. Desai also did not complete sections concerning sitting, standing, lifting, and mental restrictions, and, thus, there is no indication whether Claimant's HIV caused any specific sitting, standing, lifting, or mental restrictions. R. 594-95. Dr. Desai, though, opines that Claimant cannot work. R. 594.

Dr. Desai continued to treat Claimant after rendering the foregoing opinion. R. 601-04, 606-11, 613-16. Claimant continued to report suffering from an array of symptoms related to his HIV, such as body aches, headaches, weakness, fatigue, insomnia, visual problems, fever, and diarrhea. R. 601, 606, 608, 610, 613, 615. Claimant's physical examinations were unremarkable during this period, and his viral load was almost undetectable while his CD4 count continued to increase. R. 604, 606, 608, 610, 613, 615, 620-47. Dr. Desai continued to diagnose Claimant with HIV, noting that the disease had stabilized. R. 603, 607, 609, 611, 614, 616. Dr. Desai also occasionally diagnosed Claimant with neuropathy, depression, and anxiety during this period. R. 607, 609, 611, 614, 616. Dr. Desai's treatment notes from this period, though, did not contain any functional limitations. *See* R. 601-04, 606-11, 613-16.

The ALJ discussed Dr. Desai's opinion, and assigned it little weight, explaining:

> In this case, the credible and objective evidence fails to establish either physical or mental status exam findings supportive of the limitations in functioning proposed by Dr. Desai. The opinion expressed is quite conclusory, providing very little explanation of the evidence relied on in forming that opinion other than the fact that claimant was HIV positive. The doctor's own reports fail to check off any of the HIV related complications listed that one would expect if the claimant were in fact disabled. Dr. Desai did not check any of the HIV related symptomatology because of his exam findings. Additionally, the intensity of treatment received by the claimant is not what one would expect for an impairment of disabling severity. The opinion is also internally inconsistent. In September 2013, Dr. Desai notes that the claimant's HIV was stable.

R. 26-27. Thus, the ALJ assigned Dr. Desai's opinion little weight because her opinion was: 1) conclusory; 2) internally inconsistent; 3) inconsistent with her examination findings, as well as her September 2013 finding that Claimant's HIV was stable; 4) inconsistent with the medical evidence of record; 5) and inconsistent with the intensity of Claimant's treatment. *Id.*

The ALJ stated several reasons for assigning Dr. Desai's opinion little weight, but Claimant argues that many of the reasons are not supported by substantial evidence. Doc. 13 at 6-7. Claimant maintains that Dr. Desai's opinion is consistent with his complaints of fatigue, fever, malaise, pain, night sweats, nausea, headaches, and insomnia, which appear in Dr. Desai's treatment notes. *Id.* Claimant also maintains that Dr. Desai's opinion is consistent with his testimony. *Id.* Thus, Claimant argues that the ALJ erred by assigning little weight to Dr. Desai's opinion. *Id.*

The undersigned finds that the ALJ stated good cause to assign Dr. Desai's opinion little weight. First, Dr. Desai's opinion is, as the ALJ found, conclusory, as she simply checked lines indicating that Claimant's HIV causes several severe symptoms, as well as marked restrictions in daily activities and marked difficulties in maintaining social functioning and completing tasks in a timely manner. The presence of severe symptoms, marked restrictions in daily activities, and marked difficulties in maintaining social functioning and completing tasks in a timely manner do not, in and of themselves, provide any insight as to specific limitations caused by Claimant's HIV. *See Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005) (explaining the mere existence of an impairment does not reveal the extent to which that impairment limits a claimant's ability to perform work-related functions). The form Dr. Desai used to express her opinions contained other sections that would have shed more light on the nature and severity of any functional limitations, including sections intended to provided detailed sitting, standing, lifting, and mental limitations,

but Dr. Desai did not complete those sections, and, thus, failed to articulate what, if any, specific functional limitations are caused by Claimant's HIV. *See* R. 594-95. Thus, the ALJ's determination that Dr. Desai's opinion is conclusory is supported by substantial evidence.

Second, Dr. Desai's opinion is, as the ALJ found, internally inconsistent.[5] Dr. Desai, as previously mentioned, opined that Claimant's HIV causes marked restrictions in daily activities and marked difficulties in social functioning and completing tasks in a timely matter. R. 594. These opinions are inconsistent with the remainder of the form Dr. Desai used to express her opinions, because, in spite of the foregoing opinions, Dr. Desai did not complete the sections intended to provide specific sitting, standing, lifting, and mental limitations. *See* R. 594-95. One would expect these sections to be completed if the claimant suffered marked restrictions in daily activities and marked difficulties in social functioning and completing tasks in a timely matter. These sections, though, were not completed, thus making it unclear what specific limitations are caused by Claimant's HIV. Thus, the ALJ's determination that Dr. Desai's opinion is internally inconsistent is supported by substantial evidence.

Third, Dr. Desai's opinion is, as the ALJ found, inconsistent with Dr. Desai's treatment notes, particularly her examination findings. Dr. Desai was aware of Claimant's complaints of fatigue, fever, malaise, pain, night sweats, nausea, headaches, and insomnia, but her examination findings were routinely unremarkable. *See* R. 476-79, 482-83, 485-86, 488-500, 601-04, 606-11, 613-16. These unremarkable examinations and the improvement in Claimant's viral load and CD4 levels ultimately lead Dr. Desai to conclude that Claimant's HIV had stabilized. This evidence stands in contrast to Claimant's reported symptoms and testimony, which the ALJ did not find

---

[5] Claimant does not challenge this finding. *See* Doc. 13 at 6-7.

entirely credible,[6] as well as the Dr. Desai's opinion. Thus, the ALJ's determination that Dr. Desai's treatment records, particularly her examination findings, are inconsistent with her opinion is supported by substantial evidence.

The ALJ, in light of the foregoing, has stated good cause to assign little weight to Dr. Desai's opinion.[7] These reasons, as discussed above, are supported by substantial evidence, and, together, support the ALJ's decision to assign little weight to Dr. Desai's opinion.[8] Therefore, the Court finds that the ALJ did not err in assigning Dr. Desai' opinion little weight.

## B. RFC.

Claimant argues that the ALJ failed to properly consider his exertional and nonexertional impairments, and failed to include certain limitations in his RFC determination. Doc. 13 at 7-11.

---

[6] Claimant does not challenge the ALJ's credibility determination, *see* Doc. 13, and, thus, has waived any argument challenging the ALJ's credibility determination. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004) (per curiam) (refusing to consider an argument that the claimant failed to raise before the district court).

[7] The ALJ's remaining reasons appear relatively conclusory, and, thus, do not appear to support the ALJ's determination to assign little weight to Dr. Desai's opinion. This, however, does not undermine the reasons discussed above. Thus, to the extent the other reasons articulated by the ALJ are conclusory, the Court finds that does not undermine the ALJ's determination to assign little weight to Dr. Desai's opinion. *See D'Andrea v. Comm'r of Soc. Sec. Admin.*, 389 F. App'x 944, 948 (11th Cir. 2010) (per curiam) (rejecting argument that ALJ failed to accord proper weight to treating physician's opinion "because the ALJ articulated at least one specific reason for disregarding the opinion and the record supports it."); *see also Gilmore v. Astrue*, 2010 WL 989635, at *14-18 (N.D. Fla. Feb. 18, 2010) (finding that the ALJ's decision to discount a treating physician's opinion was supported by substantial evidence, even though two of the many reasons articulated by the ALJ were not supported by substantial evidence).

[8] The Court notes that the ALJ did not expressly address Dr. Desai's opinion that Claimant cannot work. *See* R. 26-27. This opinion addresses the ultimate issue before the Commissioner – whether Claimant is or is not disabled – and, as such, "is not considered a medical opinion and is not given any special significance, even if offered by a treating source [.]" *Kelly v. Comm'r of Soc. Sec.*, 401 F. App'x 403, 407 (11th Cir. 2010) (per curiam); *see* SSR 96-5p, 1996 WL 374183, at *2 (July 2, 1996) ("[T]reating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance."). Thus, the ALJ's failure to expressly address that particular opinion does not result in any reversible error.

The Commissioner argues that the ALJ properly considered Claimant's impairments, and that his RFC determination is supported by substantial evidence. Doc. 15 at 13-16.

The ALJ thoroughly considered the relevant medical, opinion, and testimonial evidence concerning Claimant's physical and mental impairments, and the effect those impairments have on his ability to perform work related activities. R. 23-27. Thus, the Court finds that the ALJ conducted a proper function-by-function analysis. *See* SSR 96-8p, 1996 WL 374184 (July 2, 1996).

The ALJ, as previously mentioned, determined that Claimant has the RFC to perform light work, with additional exertional and nonexertional limitations. R. 22-23. Claimant, though, maintains that the evidence demonstrates that he is limited to performing less than sedentary work. Doc. 13 at 9-10. Claimant, in support, points to his complaints of body aches, headaches, weakness, fatigue, insomnia, visual problems, fever, and diarrhea, his diagnoses of HIV, neuropathy, depression and anxiety, Dr. Desai's opinion, and his own testimony. *Id*. Claimant seemingly argues that the ALJ failed to sufficiently account for the limitations caused by his impairments in the RFC determination. *Id*. The ALJ, though, considered the very evidence Claimant's relies on in support of his argument, and, after considering that evidence, assigning little weight to Dr. Desai's opinion, and finding Claimant's testimony not entirely credible, determined that Claimant has the RFC to perform light work, with additional exertional and nonexertional limitations. R. 22-27.[9] The ALJ's decision reveals that he considered Claimant's

---

[9] It appears Claimant believes that the ALJ found that he had an RFC to perform sedentary work. *See* Doc. 13 at 8. Thus, Claimant argues that the ALJ failed to follow Social Security Ruling 96-9p in determining his RFC. *Id*. That particular SSR applies to claimants with an RFC of less than a full range of sedentary work. SSR 96-9p, 1996 WL 374185 (July 2, 1996). The ALJ, as previously discussed, found Claimant has an RFC that is consistent with the performance of less than a full range of light work. *See* R. 22-23, 28-29; 20 C.F.R. §§ 404.1567(b), 416.967(b). Therefore, the ALJ was not required to apply SSR 96-9p in this case. *See, e.g.*, *Hart v. Colvin*,

physical and mental impairments and accounted for them in reaching this RFC determination. *Id*. Claimant has failed to demonstrate that the ALJ disregarded certain impairments, failed to include certain limitations, or that the ALJ's RFC determination is not supported by substantial evidence. *See* Doc. 13 at 9-12. Therefore, the Court finds that the ALJ properly considered Claimant's exertional and nonexertional impairments in reaching his RFC determination.

## V. CONCLUSION.

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk is directed to enter judgment for Commissioner and close the case.

**DONE** and **ORDERED** in Orlando, Florida on August 30, 2017.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable John D. Thompson, Jr.
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc.
Desoto Bldg., Suite 400
8880 Freedom Crossing Trail

---

2013 WL 4736841, at *15 (N.D. Fla. Aug. 30, 2013) (collecting cases and finding that a claim that an ALJ erred by failing to apply SSR 96-9p when assessing claimant's RFC for light work was unavailing).

Jacksonville, FL 32256-1224